**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

BENA KATHERINE MONFEE,                                          PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 2:10CV224-P-A

AMERICAN FAMILY HOME INSURANCE
COMPANY, ET AL.,                                               DEFENDANT.

**ORDER**

This matter comes before the court upon the plaintiff's motion to remand [docket number 11] this matter to the Chancery Court of Panola County, Mississippi. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The burden in this case is upon the defendants to persuade the Court of improper joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

1

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

Whether the plaintiff in the instant case can establish a reasonable basis for a state claim against the resident agent defendants must be tempered by Mississippi law. *Hart*, 199 F.3d at 247. Although "the general rule in Mississippi law is that the defendant-agent incurs no liability for a principal's breach of duty ... an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment." *Id*. (citing *Wheeler v. Frito-Lay, Inc.*, 743 F.Supp. 483 (S.D. Miss. 1990) (interpreting Mississippi law)). Moreover, an agent is "subject to personal liability when he 'directly participates in or authorizes the commission of a tort.'" *Id*. (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss. 1986)). At the same time, however, "individual liability may not be predicated merely on [the

agent's] connection to the corporation but must have as its foundation 'individual wrongdoing.'" *Id.* (quoting *Turner v. Wilson*, 620 So.2d 545, 548 (Miss. 1993)). Finally, according to *Hart*, "[t]he thrust of the general rule is that the officer [or agent] to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity.'" *Id.* (quoting *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 173 (5th Cir. 1985)) (parenthetical in original).

Thus, in order to defeat the defendants' fraudulent joinder argument, the plaintiffs in the instant case must demonstrate the reasonable possibility that at least one of the resident agent defendants "directly participated in the commission of a tort." *Hart*, 199 F.3d at 248.

The court concludes that neither the Complaint nor the plaintiff's affidavit and brief demonstrate a reasonable possibility of recovery for fraudulent misrepresentation or another tort against either of the Mississippi-resident defendants in this case in their individual capacity.

The allegations against Mr. Nelson (and to a much lesser extent, Mr. Cunetto, Mr. Nelson's supervisor, who is only alleged to have said in one telephone conversation : "what Frank Nelson says goes and I stand behind him on whatever decision he makes") involve a breach of the subject insurance contract rather than fraud. There are no allegations of any specific *false* representations made by Messrs. Nelson and Cunetto, but rather representations that allegedly breach the insurance contract. The plaintiff's pleadings do not specifically allege that either Mr. Nelson or Mr. Cunetto had any role in selling her the subject insurance policy. Rather, these two men appear to have only been involved as adjustors well after the plaintiff entered the subject insurance contract.

Since agents of disclosed principals are not individually liable for breach of contract claims, and since neither Mr. Nelson nor Mr. Cunetto are specifically alleged to have made false

representations or engaged in other individual torts, there is no reasonable possibility of recovery against either Mississippi-resident defendant in this case. Accordingly, the plaintiff's motion to remand should be denied and any individual claims made against Messrs. Nelson and Cunetto should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to remand [docket number 11] this matter to the Chancery Court of Panola County, Mississippi is **DENIED**; accordingly,

(2) Any claims made against Frank Nelson and Dominique Cunetto in their individual capacities are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 13th day of April, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE